UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 12-cv-21541-ZLOCH

ANGELA SMITH-YOUNG,

      Plaintiff,

v.

BAPTIST HEALTH OF SOUTH FLORIDA, INC.

      Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, ANGELA SMITH-YOUNG, ("Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, BAPTIST HEALTH OF SOUTH FLORIDA, INC. ("Defendant" or "Employer") and alleges:

### INTRODUCTION

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Jurisdiction is conferred on tis Court by 28 U.S.C. § 1337 and 29 U.S.C. § 216(b).

3. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Defendant has its principal place of business in Miami-Dade County, Florida.

## PARTIES

5. Defendant, at all times material hereto, owned and/or operated a business within the jurisdiction of this Court, including doing business in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto were and are engaged in interstate commerce

## FACTS

6  On or about January 3, 2011, Plaintiff became employed by Defendant as a non-exempt "administrative partner coordinator" for Defendant's hospital.

7  Plaintiff worked approximately fifty (50) hours per week beginning on the date of hire until her date of termination, March 19, 2012; however, Plaintiff was not paid one-and-a-half times the regular rate of pay for the hours worked in excess of forty (40).

## COUNT I.

## WAGE AND HOUR FEDERAL STATUTORY VIOLATION

8. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 above as if set out in full herein.

9  This action is brought by Plaintiffs and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U S C. § 201 et seq , and specifically under the provisions of 29 U S C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees .. for a work week longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a Hospital

Plaintiff was employed by Defendant as a non-exempt "administrative partner coordinator" for the Defendant's business.

12. While employed by Defendant, Plaintiff worked an average of fifty (50) hours a week until March 19, 2012, her termination date, without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed.

13. Plaintiff was paid approximately $18.35 an hour from date of hire until the date of termination, but was not properly compensated for straight or overtime wages for the hours that she worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Plaintiff is owed approximately $27.53 per hour of overtime for an average of approximately sixty-three (63) weeks wherein Plaintiff worked in excess of forty (40) hours, totaling approximately $17,340.75 for an approximate total of 630 hours of unpaid overtime wages. In addition, Plaintiff is owed $17,340.75 as liquidate damages, totaling $34,681.50 for the failure to pay these overtime wages, plus all reasonable attorneys' fees and costs as provided by the law.

14. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

15. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

16. Defendants willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. Plaintiff complained to Grace Mane (manager) or Eva (supervisor) that she was not paid overtime for the hours she worked in excess of forty (40) but was told that Defendant does not pay overtime compensation for hours worked over forty (40).

17. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorneys' fee

**WHEREFORE**, Plaintiffs and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff against the Defendants on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid

wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C   Award Plaintiff an equal amount in double damages/liquidated damages; and

D   Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.   Plaintiff demands a trial by jury

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT II.

## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINITFF PURSUANT TO 29 U.S.C. 215(A)(3).

18   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 above as if set out in full herein.

19.   This action arises under the laws of the United States.   This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C §§ 201-219 (section #216 for jurisdictional placement).

20.   29 U.S.C § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate. "

21   29 US.C. § 215(a)(3) makes it unlawful for any person "to discharge 01 in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under 01 related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

22 Plaintiff consistently complained to Grace Mane (manager) or Eva (supervisor) that she was not paid overtime for the hours she worked in excess of forty (4) but was told that Defendant does not pay overtime for hours worked over forty (40). She complained in the presence of others, including Diane Ross (administrative partner), Marlene DeArmas (administrative partner), Yanira (social worker), Gale Fonts (administrative partner) and Denise Wilson (registered nurse). Shortly thereafter Defendant terminated Plaintiff.

23. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant. In other words, Plaintiff would not have been fired but for her complaint for overtime wages.

22. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C. Plaintiff demands a trial by jury as to each count of this complaint.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: June 27, 2012

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
Courthouse Tower
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
Anthony M. Georges-Pierre, Esq.
FBN: 0533637

## CERTIFICATE OF SERVICE

I hereby certify that on June $2\overline{f}$, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

By: _____
Anthony M. Georges-Pierre, Esq.

## SERVICE LIST

Anthony M  Georges-Pierre, Esquire
**REMER & GEORGES-PIERRE, PLLC**
*Attorney for Plaintiff*
44 West Flagler Street
Suite 2200
Miami, Florida 33130
E-Mail: agp@rgpattorneys.com
Telephone: (305) 416-5000
Facsimile : (305) 416-5005