UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 12-cv-21541-ZLOCH

ANGELA SMITH-YOUNG,

    Plaintiff,

vs.

BAPTIST HOSPITAL OF MIAMI, INC.,

    Defendant.

_____/

### DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES TO SECOND AMENDED COMPLAINT

Defendant, BAPTIST HOSPITAL OF MIAMI, INC., by and through undersigned counsel, hereby files and serves its Answer and Defenses to Plaintiff's Second Amended Complaint ("Complaint"), as follows:

1. Defendant admits that Plaintiff purports to state a cause of action pursuant to the Fair Labor Standards Act, but denies that such a case or controversy exists so as to entitle Plaintiff to any such relief. Defendant admits that this Court has jurisdiction over this matter.

2. Defendant admits that this Court has jurisdiction over this matter.

3. Defendant is without sufficient knowledge to admit or deny the allegations regarding Plaintiff's residence and, therefore, denies the same. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

1

## **PARTIES**

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

## **FACTS**

6. Defendant admits that it employed Plaintiff, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## **COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION**

8. Defendant reaffirms and re-alleges its answers to Paragraphs 1 through 7 as if stated herein in full.

9. Defendant admits that Plaintiff purports to state a cause of action pursuant to the Fair Labor Standards Act, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that this Court has jurisdiction over this matter and that its annual gross revenue for the preceding calendar year was in excess of $500,000, but denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that is a hospital and that it employed Plaintiff, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

In response to the prayer for relief that immediately follows Paragraph 17 of the Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff and/or those similarly situated to any relief sought in this clause, and further denies that Plaintiff is entitled to any such relief. Defendant specifically denies all allegations not specifically admitted herein and the statements included by Plaintiff as "headers" throughout the Complaint. Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant admits that Plaintiff demands a jury trial on all issues so triable as a matter of right.

## COUNT II: FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFF PURSUANT TO 29 U.S.C. 215(A)(3)

18. Defendant reaffirms and re-alleges its answers to Paragraphs 1 through 7 as if stated herein in full.

19. Defendant admits that this Court has jurisdiction over this matter, but denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant states that the text of 29 U.S.C. § 207(a)(1) speaks for itself.

21. Defendant states that the text of 29 U.S.C. § 215(a)(3) speaks for itself.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

22.[sic] Defendant denies the allegations contained in Paragraph 22 of the Complaint.

In response to the prayer for relief that immediately follows Paragraph 22 of the Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause, and further denies that Plaintiff and/or alleged similarly situated individuals are entitled to any such relief.  Defendant specifically denies all allegations not specifically admitted herein and the statements included by Plaintiff as "headers" throughout the Complaint.  Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant admits that Plaintiff demands a jury trial on all issues so triable as a matter of right.

## STATEMENT OF DEFENSES

### FIRST DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in the action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff are barred.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written

administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### THIRD DEFENSE

Defendant asserts that Plaintiff's claims are barred in that Plaintiff was compensated for all hours suffered or permitted to work in accordance with the FLSA.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities.

### SIXTH DEFENSE

Defendant asserts that Plaintiff is not entitled to liquidated damages because Defendant did not willfully or otherwise violate the FLSA, and if any violation is established, Defendant had a good-faith belief it was in compliance with the FLSA.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this

action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

### EIGHTH DEFENSE

Defendant asserts that some work performed by the Plaintiff was completely voluntary in nature and without Defendant's knowledge or authorization, was contrary to express instructions, and was not required by Defendant as a term or condition of the continued employment of Plaintiff, and does not constitute compensable working time under the FLSA, as a matter of law, pursuant to 29 C.F.R. § 785.27, *et seq.*

### NINTH DEFENSE

Defendant asserts that some or all of Plaintiff's claims are barred by the doctrines of waiver, unclean hands and/or laches.

### TENTH DEFENSE

Defendant asserts that any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA.  *See, e.g.*, 29 C.F.R. § 785.19.

### ELEVENTH DEFENSE

Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Section 216(b) of the FLSA, and therefore, any and all allegations in the Complaint on behalf of allegedly similarly situated individuals should be stricken and dismissed.

**TWELFTH DEFENSE**

Plaintiff's Complaint fails to adequately plead a valid collective action in that it fails to state a valid claim for relief as to each allegedly similarly situated employee and fails to identify any other potential claimants.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, avoidable consequences, after-acquired evidence, estoppel and or other principles of equity.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because no action was taken toward Plaintiff based on unlawful retaliation, but instead, all actions taken by Defendant with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory reasons. To the extent Plaintiff proves that her separation was based on retaliatory motive, Defendant would have taken the same action notwithstanding such retaliatory intent or motive.

**FIFTEENTH DEFENSE**

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, due to Plaintiff's failure to mitigate any alleged damages, if any, suffered as a result of the allegations in the Complaint.  In the alternative, to the extent Plaintiff has mitigated any alleged damages, Defendant is entitled to a set-off for any interim earnings, benefits, or other income.

Defendant reserves the right to plead other affirmative defenses which become known during the discovery of this case.

Dated this 1st day of August 2012.

                      Respectfully submitted,

                      *s/Patrick G. DeBlasio, III*
                      Patrick G. DeBlasio, III, Esq.
                      Florida Bar No.: 0871737
                      E-mail: pdeblasio@littler.com
                      Brigid A. Patrick, Esq.
                      Florida Bar No.: 0079048
                      E-mail: bpatrick@littler.com

                      LITTLER MENDELSON, P.C.
                      One Biscayne Tower, Suite 1500
                      2 S. Biscayne Boulevard
                      Miami, Florida 33131-1804

                      *Counsel for Defendant*
                      *Baptist Hospital of Miami, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

                      *s/Patrick G. DeBlasio, III*
                      Patrick G. DeBlasio, III, Esq.

## SERVICE LIST

Anthony M. Georges-Pierre, Esq.
Email:  agp@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130
Tel. 305.416.5000
Fax. 305.416.5005
*Counsel for Plaintiff*


Patrick G. DeBlasio, III, Esq.
E-mail:  pdeblasio@littler.com
Brigid A. Patrick, Esq.
E-mail:  bpatrick@littler.com
LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33131-1804
Tel. 305.400.7500
Fax. 305.603.2552
*Counsel for Defendant*

Firmwide:113511709.1 071336.1001